UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-00213-JWH-SHK | | Date | June 15, 2022 |
|---|---|---|---|---|
| Title | *Cecilia Martinez v. Mead Johnson and Company, LLC* | | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Elsa Vargas | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

Before this Court is the motion of Defendant Mead Johnson and Company, LLC to dismiss Plaintiff Cecilia Martinez's complaint.[1]  Martinez asserts her claims on behalf of herself and a putative class of California consumers.  Martinez alleges that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) as the action is "filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Class, including Plaintiff."[2]

Prior to adjudicating the Motion, the Court must ensure that it has subject matter jurisdiction.  District courts "have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of

---

[1]     Def.'s Mot. to Dismiss Compl. for Failure to State a Claim and Lack of Jurisdiction (the "Motion") [ECF No. 16].

[2]     *See* Compl. (the "Complaint") [ECF No. 1] ¶ 8.

**CIVIL MINUTES—
GENERAL**   Initials of Deputy Clerk eva

plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). However, the Class Action Fairness Act ("CAFA") includes two mandatory exceptions to that grant of jurisdiction: namely, the "local controversy" exception and the "home-state controversy" exception. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007) (describing 28 U.S.C. § 1332(d)(4)(A) & (B)). Additionally, the Court may decline jurisdiction under CAFA "in the interests of justice and looking at the totality of the circumstances." 28 U.S.C. § 1332(d)(3). With that framework in mind, three issues concern the Court regarding its subject matter jurisdiction.

The first is the citizenship of Mead Johnson and Company, LLC. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). While the Complaint glosses over that fact,[3] Mead's membership is critical to the applicability of CAFA's mandatory and discretionary exceptions. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (considering the citizenship of the defendant); *see also* 28 U.S.C. § 1332(d)(4)(B) (considering the citizenship of the "primary defendants").

Second, the Complaint does not allege sufficiently particular facts regarding why the amount in controversy exceeds $5 million.[4] Martinez proffers no statements or allegations regarding how much Mead's baby formula cost or in what quantities it was purchased. Thus, the Court has doubts whether the amount-in-controversy threshold is met.

Third, the Complaint's definition of the California Class and California Consumer Subclass suggests that the bulk of the class members is domiciled in California.[5] Furthermore, all of Martinez's claims for relief sound in California law, and the transactions all occurred in California.[6]

Accordingly, the parties are hereby **DIRECTED** each to file a notice (1) attesting to the proportion and total number of class members domiciled in California; (2) clarifying whether, during the three-year period preceding the filing

---

[3]   *Id*. at ¶ 14.

[4]   *See generally id*.

[5]   *Id*. at ¶ 42.

[6]   *See id*. at ¶¶ 52-118.

**CIVIL MINUTES— GENERAL**

Initials of Deputy Clerk <u>eva</u>

of that class action, any other class action has been filed against Mead Johnson and
Company, LLC asserting the same or similar factual allegations on behalf of the
same or other persons; (3) identifying the names of each owner/member of Mead
Johnson and Company, LLC and the state of citizenship of each of those
owners/members; and (4) providing declarations or other admissible evidence, as
may be necessary and appropriate, regarding the amount-in-controversy. Each
notice must be accompanied by a declaration made under penalty of perjury
testifying to its accuracy.

The parties are **DIRECTED** their respective notices no later than July 1,
2022. The in-person hearing on the Motion is **CONTINUED** to July 15, 2022, at
9:00 a.m.

**IT IS SO ORDERED.**